# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9551 | **DATE** | 10/16/2002 |
| **CASE TITLE** | DONNA RADASZEWSKI vs. JACKIE GARNER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]   Enter Memorandum Opinion And Order.  Plaintiff's motion to remand is granted in part and denied in part.  Plaintiff's state law claims, counts I-V are remanded to state court. This Court retains jurisdiction over Counts VI and VII.

(11) ☒ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| LG | courtroom deputy's initials |
|---|---|

number of notices

**OCT 21 2002**
date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

22

DONNA RADASZEWSKI, Guardian, on behalf    )
of Eric Radaszewski,    )
   )
      Plaintiff,    )
   )    No. 01 C 9551
      v.    )
   )
JACKIE GARNER, Director, Illinois Department    )    Judge John W. Darrah
of Public Aid,    )
   )
      Defendant.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donna Radaszewski, filed suit against Defendant, Jackie Garner, the Director of

the Illinois Department of Public Aid ("IDPA"), in the Circuit Court of DuPage County, Illinois.

Garner removed the action to federal court based on the addition of federal claims in Plaintiff's

Supplemental Complaint. Presently before the Court is Plaintiff's Motion to Remand.

Plaintiff's Complaint for Injunctive Relief, Supplemental Complaint, and Defendant's Notice

of Removal support the following history of the case.

Eric Radaszewski ("Eric"), born in August 1973, was diagnosed with brain cancer in 1992.

In 1993, Eric suffered a mid-brain stroke after undergoing surgery and treatment of the cancer. The

cancer, stroke, and subsequent treatments have left Eric in a highly medical fragile state in which he

is in need of one-on-one, 24-hour care to survive.

Until Eric reached the age of twenty-one, the IDPA provided funding for sixteen hours a day

of private-duty nursing in Eric's home under the federal Medicaid program. At the age of twenty-

one, the IDPA reduced its reimbursement to the equivalent of five hours a day of private-duty

nursing.

In September 2000, Plaintiff filed suit in federal court, claiming that the IDPA's act of reducing Eric's private-duty nursing care violated specific provisions of the federal Medicaid statute, 42 U.S.C. § 1396 *et seq.*, and the due process clause of the Fourteenth Amendment to the United States Constitution. Plaintiff sought a temporary restraining order, which was granted in September 2000.

In November 2000, the district court denied Plaintiff's motion for a preliminary injunction, and the Seventh Circuit Court of Appeals denied Plaintiff's motion for an injunction pending appeal.

On December 1, 2000, Plaintiff filed a Complaint for Injunctive Relief in the Circuit Court of DuPage County, Illinois. Plaintiff's four-count complaint alleged that: (1) the IDPA's limitation of private-duty nursing services provided to adult Medicaid recipients constituted an invalid rule not adopted in accordance with notice and comment rulemaking procedures specified in the Illinois Administrative Procedure Act, (2) the IDPA violated Illinois' Medicaid Plan by failing to provide Eric with the full amount of private-duty nursing, (3) the IDPA's refusal to cover all of the private-duty nursing violated part 89 Illinois Administrative Code, and (4) the IDPA breached a contract by failing to provide the full amount of private-duty nursing.

On December 19, 2000, the circuit court in DuPage County granted Plaintiff's motion for a temporary restraining order, reestablishing Eric's hours of private-duty nursing to a level of sixteen hours a day. This injunction is presently in effect.

On September 7, 2001, Defendant filed a motion to vacate the temporary restraining order and dismiss the case as moot. In response to Defendant's motion, on October 16, 2001, Plaintiff filed a Motion to Extend the Temporary Restraining Order, a Memorandum in Support of Motion

to Extend Temporary Restraining Order and in Opposition to Defendant's Motion to Vacate and Dismiss, and a Supplemental Complaint for Injunctive Relief. The Supplemental Complaint repled the same four counts and added three new counts. Plaintiff added an additional state law claim, alleging an additional violation of the Illinois Administrative Procedure Act and two federal claims – a count alleging a violation of the American with Disabilities Act ("ADA") and a count alleging a violation of the Rehabilitation Act ("RA").

On November 8, 2001, Defendant filed a reply in support of its motion to vacate and dismiss. In the reply, Defendant argued, in part, that the court had not yet granted Plaintiff leave to file its Supplemental Complaint. Defendant did not address the merits of Plaintiff's new federal claims because leave to file the Supplemental Complaint had not been granted.

On November 14, 2001, Defendant filed an additional memorandum, Defendant's Objection to Plaintiff's Motion for Leave to File Supplemental Complaint and to Extend Temporary Restraining Order. In this memorandum, Defendant argued that if leave to file the Supplemental Complaint was granted, then it objected to extending the injunction and proceeded to argue on the merits of the inapplicability of the federal claims and the application of the Eleventh Amendment as a bar to the ADA claim. The Eleventh Amendment bar was not raised as to the RA claim.

On November 15, 2001, the circuit court granted Plaintiff leave to file her Supplemental Complaint and extended the temporary restraining order. On December 10, 2001, Defendant filed her answer to Plaintiff's Supplemental Complaint. Defendant's answer included the affirmative defense of the Eleventh Amendment as to the ADA claim. The Eleventh Amendment bar was not raised as an affirmative defense to the RA claim. On December 14, 2001, Defendant filed a Notice of Removal of the state case to this Court.

3

Plaintiff first argues that Defendant filed her Notice of Removal after the required thirty-day period. Plaintiff contends that the thirty-day period began to run on October 16, 2001, when Plaintiff filed her motion to extend the temporary restraining order because the documents clearly set forth her federal claims, putting Defendant on notice of these claims.

Under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

In a situation in which the original complaint does not disclose a ground for removal but an amended complaint does so, the thirty-day period does not begin to run until the state court grants leave for the amended complaint to be filed. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (*Sullivan*). If the thirty-day period began to run by merely filing the motion for leave to amend the complaint, a party would be attempting to remove a case before such time as it is certain that a basis for removal exists. A case is removable when the papers disclose that the case is or has become removable, "not that it may sometime in the future become removable if something happens", i.e., granting leave to file an amended complaint. *Sullivan*, 157 F.3d at 1094.

In the instant case, Defendant filed her Notice of Removal within thirty days of the state court's order granting Plaintiff leave to file her Supplemental Complaint. Accordingly, the Notice of Removal was timely filed.

Plaintiff next argues that Defendant's actions in state court bar her from removing the case to federal court based on waiver of the right to remove.

The Seventh Circuit analyzed a previous version of 28 U.S.C. § 1447(c) and found that the

4

statute did not authorize remanding a case based on the waiver of the right to remove. *See Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989) (*Rothner*). In *Rothner*, the Seventh Circuit considered a previous version of Section 1447. The court analyzed the phrase "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." The court held this could not be construed to authorize remanding a case on the ground of waiver. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1411 (7th Cir. 1989) (*Rothner*). Since that decision, 42 U.S.C. § 1447 has been amended.[1] Section 1447(c) now reads, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 42 U.S.C. § 1447(c). Thus, the language interpreted in *Rothner* has been deleted. The Seventh Circuit has not revisited the question of waiver and the right to seek removal since *Rothner*.

Furthermore, it is at least arguable that Section 1447(c) is not applicable to the question of waiver. Assuming that Eleventh Amendment immunity destroys subject matter jurisdiction, a matter not yet decided by the Supreme Court, the invocation of the Eleventh Amendment as to one or several of the claims of a case does not destroy the court's original jurisdiction over the remaining claims. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391-92 (1998) (*Schacht*). Therefore, Section 1447(c) is inapplicable. The statute would be applicable to the challenged claim or claims only, not necessarily the entire case. *See Schacht*, 524 U.S. at 392.

Language in the present version of Section 1447(a), which states, "[a] motion to remand the

---

[1] The revision to Section 1447(c) was enacted November 19, 1988. Therefore, the revision was already in place at the time *Rothner* was decided. However, the *Rothner* court interpreted the previous version, finding that *Rothner* was governed by that version of the statute. *Rothner*, 879 F.2d at 1405.

case on the basis of any defect in removal procedure must be made within 30 days...." has been

interpreted broadly to include waiver of the right to removal in certain circumstances, such as when

the party seeking removal evidenced an intent to litigate in state court. *See Fate v. Buckeye State*

*Mutual Insurance Co.*, 174 F. Supp.2d 876, 881 (N.D. Ind. 2001)(*Fate*). In *Fate*, the district court

found that remand on the basis of waiver was available post *Rothner* due to the revisions in the

statute. *Fate*, 174 F. Supp. 2d at 881. The *Fate* court found that the defendant's act of seeking

dismissal of the case in state court and litigating the case for nearly one year in state court before

seeking removal was affirmative action by the defendant that evidenced an intent to litigate in state

court *Fate*, 174 F. Supp. 2d at 882.

Other court have also found that a party can waive the right to seek removal based on actions

taken while the case was pending in state court. *See e.g.*, *Brown v. Sasser*, 128 F. Supp. 2d 1345,

1347 (M.D. Ala. 2000) (*Brown*); *Hill v. State Farm Mutual Auto. Ins. Co.*, 72 F. Supp. 2d 1353,

1354 (M.D. Fla. 1999); *FDIC v. Greenhouse Reality Assoc.*, 829 F. Supp. 507, 511 (D. N.H. 1993)

(*FDIC*). Generally, actions taken by a party to defend against the plaintiff's claims or to merely

maintain the status quo does not constitute a waiver. Whereas, waiver is generally found if the

actions by the defendant indicate an intent to have the case decided on the merits in state court, *i.e.*,

filing a motion to dismiss or counterclaim in state court. *See Texas Wool and Mohair Marketing*

*Assoc. v. Standard Accident Ins. Co.*, 175 F.2d 129, (5th Cir. 1949) (*Texas*); *Fate*, 174 F. Supp. 2d

at 881-82; *Brown*, 128 F. Supp. 2d at 1347; *FDIC*, 829 F. Supp. at 512.

*Fate* and the other district court cases are persuasive; remand on the basis of waiver is

available in certain circumstances.

Plaintiff contends that because Defendant filed an answer in state court before removal, she

has waived the right to remove the case from state court. Plaintiff cites *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938) (*St. Paul*) and *Texas*, 175 F.2d 129, in support of her argument.

In *St. Paul*, the Court held that a subsequent reduction in the amount claimed in a diversity action did not oust the district court's jurisdiction. *St. Paul*, 303 U.S. at 295. Plaintiff cites to dicta in *St. Paul*, where the Court stated, in pertinent part, "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of removal, since the defendant must file his petition before the time to answer or forever lose his right to remove." Plaintiff cites no other court that has interpreted this language to mean that filing an answer in state court prohibits a party from seeking removal. This Court was unable to find any such cases.

The language cited by Plaintiff in *St. Paul* was recently cited in *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998). The *Schacht* Court cited to *St Paul* in support of its statement, "for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court–prior to the time the defendants filed their answer in federal court." *Schacht*, 524 U.S. at 390. The statement recognizes that generally, a defendant files its answer in federal court after the case has been removed. Contrary to Plaintiff's argument, *Schacht* does not mandate that if an answer is filed in state court before the suit is removed, the Defendant has waived removing the suit.

In *Texas*, the Fifth Circuit found that the defendant waived its right to seek removal after it filed an answer that contained a cross-claim. *Texas*, 175 F.2d at 838. This case is distinguishable from the present case because the *Texas* defendant not only filed an answer but also filed a cross-claim. On the other hand, merely filing a responsive pleading, such as an answer, has been found

7

not to constitute a waiver of the right to remove. *See e.g.*, *Brown*, 128 F. Supp. 2d at 1348 (filing an answer with affirmative defenses and making discovery requests did not constitute a waiver of the right to seek remand); *Hernandez-Lopez v. Commonwealth of Puerto Rico*, 20 F. Supp. 2d 205, 209 (D. P.R. 1998) (*Hernandez-Lopez*) (filing answer did not constitute waiver); *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414 (M.D. Ala. 1999) (filing an answer with affirmative defenses did not constitute waiver). *Cf. Fate*, 174 F. Supp. 2d at 881-882 (finding waiver when party filed a motion to dismiss and attempted to bifurcate the issues because actions were not only to defend against plaintiff's claims but also to dispose of the case).

In the instant case, Defendant filed an answer to Plaintiff's Supplemental Complaint prior to removal. Defendant also filed a memorandum in response to Plaintiff's Motion to File the Supplemental Complaint and to Extend Temporary Restraining Order before leave was granted for the Plaintiff to file her Supplemental Complaint. The obvious purpose of the arguments in Defendant's memorandum that related to the federal claims were an attempt to show that Plaintiff did not show a sufficient likelihood of success on the merits of her new claims to warrant extending the temporary restraining order. These actions by the present Defendant indicate that Defendant was merely trying to defend against the case and did not seek a decision on the merits of the case by the state court. Accordingly, Defendant did not evince an intent to litigate in state court and did not waive its right to remove the action. *See Brown*, 128 F. Supp. 2d at 1348; *Hernandez-Lopez*, 20 F. Supp. 2d at 209.

Plaintiff also argues that remand is proper because this Court does not have jurisdiction to decide the state law claims against Defendant under the Eleventh Amendment of the United States Constitution.

The fundamental principle of sovereign immunity of the Eleventh Amendment limits the grant of judicial authority under Article III of the United States Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (*Pennhurst*). A claim that a state official violated state law in carrying out their official duties is a claim against the state and is protected by the Eleventh Amendment. A federal court is required to examine each claim of a case to determine if the court's jurisdiction over that claim is barred by the Eleventh Amendment. | No basis of jurisdiction, including pendent jurisdiction, can override the Eleventh Amendment. *Pennhurst*, 465 U.S. at 121. Accordingly, the state's assertion of an Eleventh Amendment bar means that the federal court cannot hear the barred claim. *Pennhurst*, 465 U.S. at 121; *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391-93(1998) (*Schacht*).

However, the state's assertion of an Eleventh Amendment bar after removal does not destroy removal jurisdiction over non-barred claims. *Schacht*, 524 U.S. at 389-93. A state's later invocation of the Eleventh Amendment may place a claim beyond the power of the federal court, but it does not necessarily destroy jurisdiction over the entire case. *Schacht*, 524 U.S. at 391. If the federal court has removal jurisdiction over claims that fall within the original jurisdiction of the federal court at the time of removal, the later invocation of the Eleventh Amendment for some of the claims does not destroy the already existing original jurisdiction of other claims that are not barred by the Eleventh Amendment. *Schacht*, 524 U.S. at 391.

In the instant case, at the time of removal, Defendant had already argued that the state law claims and the ADA claim were barred by the Eleventh Amendment in its answer. However, it had not asserted that the Eleventh Amendment was a bar to the RA claim that this Court has original jurisdiction to decide. Assuming argumendo, that the mere assertion of the Eleventh Amendment

9

prior to removal can be a bar to removal jurisdiction, as Plaintiff contends[2], removal jurisdiction still existed at the time of removal in the instant case because the court had original jurisdiction over the RA claim and no Eleventh Amendment bar had been asserted as to this claim. *See Schacht*, 524 U.S. at 391.

Based on the above, removal jurisdiction existed at the time of removal as to the RA claim.

As stated above, Defendant had asserted the Eleventh Amendment as a bar to all of Plaintiff's state law claims and the ADA claim. Accordingly, the Court need consider whether it has subject matter jurisdiction over these claims.

The Eleventh Amendment bars federal courts from exercising jurisdiction over state law claims against a state. *Pennhurst*, 465 U.S. at 188-122. Therefore, this Court does not have jurisdiction over Plaintiff's state law claims against the state, and they must be remanded.

Generally, the Eleventh Amendment also bars federal courts from exercising jurisdiction over federal claims against a state. *See Schacht*, 524 U.S. at 204-05. However, an exception to the Eleventh Amendment bar exists if the plaintiff is seeking prospective injunctive relief from state officials to remedy an alleged present violation of a federal statute. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908). Here, Plaintiff seeks to enjoin Defendant from reducing his Medicaid-covered nursing services at home in both the ADA and RA claims. This relief constitutes prospective injunctive relief and is, therefore, not barred by the Eleventh Amendment.

For the reasons stated above, Plaintiff's Motion to Remand is granted in part and denied in

---

[2]Defendant argues that *Schacht's* holding that a state's invocation of the Eleventh Amendment in regard to a particular claim after removal did not destroy removal jurisdiction over the entire case, does not *ipso facto* mean that raising the Eleventh Amendment prior to removal renders a case unremovable.

part. Plaintiff's state law claims, Counts I-V are remanded to state court. This Court retains jurisdiction over Counts VI and VII.

Dated: October 16, 2002

JOHN W. DARRAH
United States District Judge